The counsel for the appellant has made an application for a reargument of this cause upon the supposition that this court, in adhering to the decision of the Commission of Appeals upon the former appeal in the same case, failed to notice that when the case was before the commission it contained the fact that before the commencement of the action the note in suit had been paid by the defendant William Wait to the defendant Martin, which fact was not proved upon the second trial, and he now seems to consider that that fact was controlling and justified the decision of the commission. He now fully concedes the correctness of the *Page 94 
decision of that tribunal in view of that fact, although, on the points presented by him on the argument before us, his principal contention was that the decision of the commission was not sound law, and he excused his omission to apply for a reargument before it, on the ground that the new trial, which had been granted, would afford him an opportunity to reargue the question before this court, which he deemed a preferable course.
The learned counsel is in error in supposing that this court overlooked the difference to which he now attaches so much importance. So far from being overlooked it was fully discussed and carefully considered by the judges of this court in consultation, and was deemed immaterial. A reference to the opinion of EARL, C., clearly shows that the commission took the same view, for the learned commissioner expresses quite emphatically the opinion that the motion for a nonsuit, which was made before the introduction of proof of the payment of the note, ought to have been granted; and that, at that stage of the proceedings, the plaintiff had failed to make out any case.
Counsel are very apt to fall into the error of supposing that every point and suggestion in cases which they argue, is overlooked by the court when not specifically discussed and answered in a written opinion, and this error has, in several instances, led to applications like the present. They should reflect that before a case is decided, the court is in the habit of deliberately considering it in all its bearings, and that when sanctioning a former decision the mere omission to notice and discuss in the opinion, supposed distinctions, is not sufficient to warrant the supposition that they have escaped observation.
In the present case, the plaintiff sought to recover upon a promissory note which was not in his possession, and was not produced upon the trial, or shown to have ever been held by him. The plaintiff was, in May, 1863, appointed receiver of the property of David W. Wait, under proceedings supplementary to an execution against him. The judgment debtor had been, in 1862, the holder of the note in question, which was made *Page 95 
by William Wait, one of the defendants in the action, and it was alleged in the complaint that the note had been, in 1862, transferred by David W. Wait to Joseph R. Wait, and afterward by him to Martin, the other defendant in this action, with intent to defraud the judgment creditor, at whose instance the plaintiff was appointed receiver. The answer of the defendant William Wait put in issue these allegations of fraud, and no proof was given in support of them. The plaintiff failed to show any title to the note, or in whose hands it was, or even when it matured. A judgment by default, on publication of the summons against the defendant Martin, was relied upon as evidence of plaintiff's title to the note. The commission decided that the judgment was not evidence as against the defendant William Wait. We refused to review that decision. If the plaintiff failed to show title to the note in himself, we deemed the fact that the defendant had paid the note to another claimant immaterial, and unnecessary to sustain the decision of the commission.
The motion should be denied, with costs.
All concur.
Motion denied.